KRAUS *et al.* v. STEWART *et al.*

[ 84 South. 463. In Banc. No. 21114.]

VENUE. *Rule as to venue of 'action for trespass on land in two or more counties stated.*

Section 707, Code of 1906 (section 486, Hemingway's Code), providing for the venue of actions in the circuit court, provides as to actions of trespass on land that such suit "shall be brought in the county where the land, or some part thereof, is situated; but if the land be in two or more counties, and the defendant resides in either of them. the action shall be brought in the county of his residence." This means the premises trespassed

upon and not the particular place where the trespass occurred, and, if such premises lie partly in the county of the defendant's residence and partly in another county, suit shall be brought in the county of the defendant residence, although the act of trespass may have been committed on that part of the premises situated in the other county.

APPEAL from the circuit court of Jefferson county. HON. R. E. JACKSON, Judge.

Suit by Mrs. A. M. Stewart and others against Mrs. Bertha Kraus and others for trespass on lands and for the taking of crops. Verdict for plaintiffs for actual and punitive damages, and the defendants appeal. Affirmed.

*Watkins & Watkins,* for appellants.

A peremptory instruction should have been given in favor of the appellants in this case, because the undisputed proof showed that if any trespass at all was committed by the appellants, it was on land situated in Franklin county, Mississippi, and not in Jefferson, while the bill of particulars of appellees confines the claim to lands in Jefferson county, Mississippi.

If it shall be contended that the question was not properly raised by request for a peremptory instruction, but should have been raised by an objection to the testimony, we call attention of the court to the fact that the objection could be made for the first time in this court. The objection was vital to the appellees' cause of action. The appellees had no cause of action unless they could show trespass committed in Jefferson county, Mississippi. Having failed to do so, no cause of action was made out, and the objection may be made at any time. Speaking upon that question, this court, in the case of *Wilson* v. *R. R. Co.,* 77 Miss. 714, used the following language:

"Ordinarily, it is true that objections not specifically made below cannot here be relied on. The reason of that rule, which gives it its life, is that the opposite party may have opportunity to meet and obviate the objection. But where the court can see, as to the plaintiff, that he has no cause of action on which a judgment can be legally pronounced, or, as to the defendant that he has no defense which the law can allow to stand, there is presented in both cases equally a case wherein it is not legally possible to obviate the fatal fault if opportunity to do so had been given; and this court must in such case act upon the fatal infirmity presented by the record."

The same rule was announced by this court in the case of *Gabbot* v. *Wallace,* 66 Miss. 618. The rule is especially applicable here, because if the objection had been ·obviated by the appellees, or the appellees had sought to amend the declaration and bill of particulars by alleging that the trespass occurred in Franklin county, Mississippi, in order to make the pleadings conform to the proof in the case, the ˙amendment would have been without advantage to the appellees, because, as we have hereinbefore pointed out, the circuit court of Jefferson county, Mississippi, had no jurisdiction, and could acquire none of a trespass committed wholly in Franklin county, Mississippi.

Point II. The appellees offered no evidence showing¹ or tending to show any trespass in Jefferson county, Mississippi. The only trespass on the part of the appellants sought to be shown by the appellees was committed, if at all, in Franklin county, Mississippi. The circuit court of Jefferson county, Mississippi, was without jurisdiction to try such cause of action even if properly established. Section 486 of Hemingway's Code of the State of Mississippi; *Wilson* v. *Rodewald,* 49 Miss. 506, 10 S. & M. 159; 3 Ib., 529; 4 Ib. 538, Ib. 549; 12 Ib. 449; 41 Miss. 668; *Wessenger* v. *Masur,*

75 Miss. 64; *Wilkinson* v. *Jenkins,* 77 Miss. 603; *Wilson* v. *Rodewaul,* 49 Miss. —; *Greer* v. *Greighton,* 10 S. & M. 159; *Switzer* v. *Bennett,* 49 Miss. 209.; *Archbald* v. *R. R. Co.,* 66 Miss. 424; *Garrett* v. *Dabney,* 27 Miss. 335; *Shotwell* v. *Covington,* 69 Miss. 735; *Davis* v. *Harburg,* 59 Miss. 362; *Weatherby* v. *Roots,* 72 Miss. 355; *Hay* v. *Hay,* 93 Miss. 732, 25 L. R. A. (N. S.) 182; *White* v. *I. C. R. R. Co.,* 55 So. 593.

We respectfully submit that the judgment should be reversed and the case should be dismissed. Or if mistaken in this, the case should be reversed and transferred to Franklin county, or if mistaken in this, the case should reversed and remanded for a new trial.

*Truly & Truly,* for appellee.

Points I and II, are based upon an alleged lack of jurisdiction in the circuit court of Jefferson county to try the cause submitted. This claimed lack of jurisdiction is founded upon the erroneous assumption that the suit herein reviewed is a local action within the purview of our statute; that the wrongs and trespasses which form the basis of the suit were committed, in Franklin county and that the circuit court of Franklin county alone had jurisdiction.

The answers to this argument are manifold. (1) No such ground of objection was made in the court below. Consequently it cannot now be presented for the first time in this court. *Y. & M. V. R. R.* v. *Wallace,* 90 Miss. 609; *Fox* v. *Baggett,* 101 Miss. 519; *Mississippi Central Railroad Company* v. *Pillows,* 101 Miss. 529. The testimony as to the wrongs and trespasses wilfully and repeatedly, perpetrated by the appellants was admitted without objection. The contest was over what had occurred; what wrongs had been inflicted; and not where they were committed. Having fought the case

out on one theory in the court below appellants must now adhere thereto. *Anderson* v. *Maxwell,* 94 Miss. 138.

If there had been a variance between the bill of particulars and the proof (which the map shows there was not) objection should have been made in the court below. There was no such variance. There was no such objection.

If the proof had shown that the wrongs and trespasses complained of, and which form the basis of the claim for punitive damages, in point of fact had all occurred in Franklin county and this fact had been material, due objection should have been made in some way in the court below. The proof did not show this. The point was not material even if it had existed, and no objection was made. Consequently the point cannot now be raised in this court.

(2) We refer the court to paragraph 2, of rule six of this court and show that the questions attempted to be raised by appellants' brief in this regard are not included in the assignment of error filed by them herein. We show that the theory now advanced was not only not presented to the court below, but was not even thought of until after the assignment of error in this case had been filed.

(3) We further submit that this is not a local action within the meaning of section 486, Hemingway's Code. This is a suit brought against several named individuals, some of whom compose a mercantile partnership. All of them residents of the county in which the suit was brought and in which the larger portion, if not all, of the land in question is situated. This is not a suit for injuries to land caused by trespass thereon, but is an action in tort and to recover the value of certain personal property of appellees wrongfully taken and converted by appellants to their own use. The ground of the suit is, first the value of certain property belonging to appellees and taken by appellants and wrong-

fully converted, and, secondly, damages for wilful and oppressive wrongs inflicted upon the appellees in their rights. Not injuries to land, but a wilful and oppressive violation of their own personal rights. The fact of the repeated trespasses committed on the lands of the appellees is simply the evidence of the wrong complained of. See *Bonelli* v. *Bowen,* 11 So. 791. Appellees are not suing for damages inflicted upon their real estate, but are suing for punitive damages because of the utter disregard of their property and personal rights. Consequently such suit is transitory and could only be brought in the county where the defendants reside.

(4) The points are not well taken as a matter of fact. The proof in this case, the bill of particulars, the map in evidence, the testimony of Reuben Smith, of Emmet Stampley, and of Victor Martin shows that the trespasses were committed by the appellants on lands lying either wholly in Jefferson county or on lands situated both in Franklin and Jefferson counties.

(5) The point is not well taken as a matter of law. The language of section 486, Hemingway's Code expressly provides, "but if the land be in two or more counties and the defendant resides in either of them, the case shall be brought in the county of his residence." According to the contention of the appellees, supported by the testimony of Stampley, Martin and others, the land is situate entirely in Jefferson county, but conceding the contention of appellants that the land was situate partly in Jefferson and partly in Franklin county this of itself brings the case within the exception cited in section 486, and demonstrates that the suit was properly brought in the county of the residence of the appellees. It must further be remembered that according to the testimony there was no marking of any county line through the cultivated field. The line itself varying according to the surveyor who plotted it.

So that not only the land itself but even the crop grown thereon was in both counties without separation or division.

We submit the suit was properly brought in the county of the residence of all the parties litigant. Conceding however that this was an "action of trespass on land" as set forth in section 486, Hemingway's Code; even then under the very language of the section the suit must still be brought in the county of the residence of the defendants. The statute provides that all civil actions shall ordinarily be commenced in the county in which the defendant, or any of them, may be found. Except "actions of trespass on land" and certain others "which shall be brought in the county where the land or some part thereof, is situate." Conceding that this was an action purely of trespass on land, yet nevertheless it is equally true, according to all the proof, that the land, "or some part thereof," is situate in Jefferson county where the suit is brought.

See list of states and citation of cases in 40 Cyc. 51, note 40; also 40 Cyc., page 75, paragraph 3, note 42. Especially see *Nelson* v. *Burt*, 15 Mass. 204, which was a suit for gathering corn and removing same from the premises.

Unless suit was properly brought in Jefferson county it necessarily would require the institution of a suit in each county if the position assumed by appellants is correct. To recover the value of the corn which became personal property after it was gathered, it would be necessary to institute a suit *in assumpsit* in Jefferson county, the county of the defendant's residence. This is made manifest by the fact that a suit for crops wrongfully taken from land is not made a "local suit" in the exceptions expressly engrafted on the law by chapter 166, Acts 1908, which amended section 707, Code 1906, into its present form as section 486, Hemingway's Code. Therefore one suit would be necessary to re-

cover the value of the corn in Jefferson county and an-- other suit would be necessary to recover for the trespass in Franklin county. We submit that this position is not tenable. It is worthy of consideration also to notice that prior to the passage of chapter 166, Acts 1908, suits for the value of timber cut and trees removed from land were universally brought in the county of the residence of the defendant. As an interesting illustration of this fact on account of the size of the judgment and the novelty of the question involved, see *Learned* v. *Ogden,* 80 Miss. 769. In that case the land in question was situate in Jefferson county where the trees were cut and removed, but the suit was instituted in Adams county where Learned lived. We again submit that this is not a suit, of *quare clausum fregit* as plainly differentiated in *Archibald* v. *Railroad Com pany,* cited by appellants.

If we must go back to the world of technical pleading as portrayed in Baldwin's "Flush Times;" if we must be technical, let us at least be also accurate. The in- stant suit is one of trover *de bonis asportatis,* with a count of trespass *vi et armis,* both of which were transitory and followed the person of the wrongdoer.

(6) Appellants having submitted themselves to the determination of the case in the circuit court of Jefferson county without objection at any time or in any way cannot now be heard to challenge the jurisdiction of the court in which the case was fought. See *Christian* v. *O'Neal,* 46 Miss. 669; *Cain* v. *Simpson,* 53 Miss. 521; *White* v. *Willis,* 111 Miss. 417; *Indianola Compress Company* v. *Railroad Company,* 110 Miss. 602.

ETHRIDGE, J., delivered the opinion of the court.

The appellees, Mrs. A. M. Stewart, her children, and Smith Jackson, residents of Jefferson county, brought suit against appellants for trespass on certain lands,

and for the taking of crops thereon, by the appellants
in the sum of forty-eight dollars actual damages, and
five thousand dollars punitive damages. The land in-
volved is described in the declaration as being in Jef-
ferson county, and as being bound on the south side by
a stream called Hays creek, and adjoining the lands of
the defendants and separated therefrom by said creek.
It is averred that the plaintiffs have always understood
and believed that said creek was the line between
Franklin and Jefferson counties, and that the plaintiffs
claimed and cultivated said land believing it was part
of their lands, setting up title both by deed and by ad-
verse possession.

The defendants filed the general issue and notice
under the general issue that they would prove on the
trial, in justification of the alleged trespass and in-
juries: First, that the land and crops involved in the
alleged trespass lay in Franklin county and belonged to
the defendant Mrs. Bertha Kraus; that they were not
committed on plaintiffs lands; that plaintiffs owned
and paid taxes on no land in Franklin county; that
Smith Jackson rented or leased from the plaintiffs, at
the time of the alleged trespass, the land in Jefferson
county, and that Smith Jackson had full notice that the
land upon which the alleged trespass was committed
was in Franklin county and was the property of Mrs.
Bertha Kraus, and that he (Smith Jackson) took forci-
ble possession of said land and planted a crop of corn
on the same; that Mrs. Kraus through her agent
prosecuted said Smith Jackson for trespass, but, not-
withstanding the notice and prosecution, Jackson con-
tinued trespassing on the land and made a crop there-
on, and by virtue of his trespass had no legal or equi-
table right to the crop; that Smith Jackson having
rented the land from the plaintiffs in Franklin county,
and plaintiffs owning no land in Franklin county, if
the trespasses were committed on lands in Franklin
county no recovery can be had on the cause.

It appears from the evidence that the calls of the plaintiff's deed embrace land bounded on the south by the line between Jefferson and Franklin counties, but that plaintiffs had cultivated and used the strip of land in controversy, claiming the creek to be the boundary, for fifteen or twenty years, and that it was generally understood that the said land belonged to I. D. Stewart in his lifetime, and to plaintiffs A. M. Stewart and children after his death, and that they had rented the lands in question from year to year to tenants who had cultivated the same and paid rent thereon to the Stewarts. It appeared that the land in Jefferson county owned by the Stewarts and the strip of land in Franklin county in dispute adjoined the lands in Jefferson county and constituted one field or inclosure, a tenant cultivating over and across the county line and using it as one tract of land.

The proof for the defendants showed that one of plaintiffs' tenants had knowledge of the claim of the defendants, and that the defendants had rented the strip to the mother-in-law of such tenant, who had permitted the tenants of the Stewarts to cultivate such land permissively, but no notice thereof was brought to the attention of I. D. Stewart or to plaintiffs after his death until recently.

The proof shows that the party in possession at the time of the trespass was a tenant of the Stewarts, and that he was in possession under claim of right, and that the defendants had been notified several times by letter by Mrs. Stewart not to interfere with her tenant or to enter the said premises, but to proceed in a legal manner. When the crop of corn grown on the land was almost ready to harvest, the defendants went thereon and over protest gathered the corn and hauled it away.

There was a peremptory instruction for the plaintiffs for the value of the corn, and an instruction reading as follows:

"The court instructs the jury for plaintiffs in this case that, if they believe from the evidence that the conduct of the defendants in this case was marked by oppression or willful wrong, then they are not confined to the award of actual damages, but may also award punitive damages in such sum not exceeding five thousand dollars as they may think warranted by the proven facts and circumstances."

There was a verdict for the plaintiffs for twenty-six dollars actual damages, and for one thousand dollars punitive damages.

There are numerous assignments of error, but we deem it necessary to discuss only one, and that is whether or not the circuit court of Jefferson county had jurisdiction of the suit. The evidence shows that the defendants lived in Jefferson county, and, for the purpose of this decision, we assume the trespass was shown to have been made upon that part of the land situated in Franklin county lying between the county line and the little creek known as Hays creek, though the evidence would probably warrant the jury in finding that the defendants also entered the land in Jefferson county.

Section 707, Code of 1906, section 486, Hemingway's Code, governs the question of jurisdiction and reads as follows:

"Civil action of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant, or any of them, may be found, except where otherwise provided, and except actions of ejectment and actions of trespass on land, and actions for the statutory penalty of cutting and boxing trees and firing woods, and actions for the actual value of trees cut, which shall be brought in the county where the land, or some part thereof, is situated; but if the land be in two or more counties, and the defendant resides in either of them, the action shall be brought in the county of his residence, and in such cases process

may be issued against the defendant to any other county. If a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence, the venue shall be changed on his application, to the county of his household and residence.''

It will be seen from a reading of this section that suits for trespass on lands shall be brought in the county where the land, or some part of it, is situated; but if the land be in two or more counties, and the defendant resided in either of them, the action shall be brought in the county of his residence.

It will be noted that the venue depends upon the location of the land, and that if the land is partly situated in two counties, and the defendant resides in one of the counties, that the suit must be brought in that county where the defendant resides. The statute does not say that suit shall be brought in the county where the trespass occurred. It contemplates that the action is for the entry of a tract of land, or for trespass upon a tract of land, and we do not think that the plaintiff must track the trespasser and have a survey made to determine on what land the tracks or injury may be situated. The action at common law was for the entry of a close, or for a trespass upon a close, which is another way of saying upon a tract of land. In the present case the tract of land described in the plaintiffs' declaration lies in two counties but constitutes one field or close.

We think the suit was properly brought and that where a plaintiff has a close or farm situated in two counties, and a defendant trespasses thereon, and the defendant lives in one of the counties, the suit must be brought where the defendant lives, even though the trespass actually committed may have been upon that part of the land situated in the other county.

We think the evidence warrants a verdict, and that there was no error committed in the trial sufficient to reverse the cause. The judgment is accordingly affirmed.

*Affirmed.*